The opinion of the Court was delivered by
Coloook, J.
The two last grounds may be considered as one. The proceedings of the Court of Equity were not admitted to prove anything against the right of the party defendant, to any property, hut merely to show that the defendant was present at the sale, which might as well have been proven by oral testimony. There was therefore no impropriety in admitting them to prove such a fact. '
The first ground is one of some importance, and at first excited some doubt: but I think, both on principle and authority, that the bond may be sustained, as a good and legal bond, at the common law.[3] Although the law prescribes a particular manner in which the public officer shall proceed, yet it does not destroy the right of individuals to enter into any private agreement which may answer the purpose of the formal proceedings of the officer. Here the bond is given to the plaintiff by the defendant, and of course, with their mutual consent; and the defendant *201 now wishes to take advantage of his own wrong, if wrong it can be considered. He has derived all the benefit from this mode of proceeding, that he could have obtained by a formal bond taken by the sheriff colore officii ; and there appears to be a strong reason why the parties should be permitted to make their own arrangements in case of distress for rent. For it is to be remembered, that a landlord may distrain himself, or by his own bailiff. Suppose A., the landlord, distrain on the goods of B., the tenant, who should request him to take first a bond to prevent the injury which must result from removing his goods ; would it not be unreasonable to prevent an Arrangement calculated to avoid injury to the tenant’s goods, and to secure, at the same time, the landlord’s rights ? I presume this never could have been the intention of the law; but it will appear by a reference to authority, that, in similar cases, such bonds have been held to be good; in the case of Hall v. Carter, (2 Modern Rep. 304,) “ an action of debt was brought on a bond ; the defendant craved oyer of the condition, which was, that if another person who was arrested at the suit of the plaintiff, and for whom the defendant was bound, should give such security as the plaintiff should approve of, for the payment of ninety pounds to him, or should render his body to prison at the return of the writ, then the obligation to be void. Defendant pleaded the statute of 23 Henry 6, c. 10, (9),[1] that this bond was given for ease and favor.” “The Court were of opinion, that it was not,” and say, “if sheriff take bond in another man’s name to elude the statute, such bond is void; but the plaintiff may give directions to the officer to take such bond as this to himself; it is only an expedient to prevent a new arrest, and the agreement of the plaintiff makes it good. If a capias be taken out against the defendant, and a third person gives the plaintiff a bond that the defendant shall pay the money or render himself at the return of the writ, it is a good bond, and not without the statute, because it is not by the direction of the officer, but by the agreement of the plaintiff; and there is no law that makes the agreement of the parties void; and if the bond was not taken by such agreement, it might have been traversed.” In the note it is said, “the distinction is, that where the undertaking is given to the sheriff, the form directed by the statute, (23 Henry 6, c. 10, (9),[1]) must be strictly pursued, &e.” “But when the undertaking is given to the plaintiff, it is not within the statute, and therefore the undertaking of an attorney for the appearance of a defendant, is not.void, because it is given to the plaintiff in the action, and not to the sheriffand in the case of Rogers and Reeves, 1 Durn. & East, 418, Mr. Justice *Buller recognizes this authority, and repeats the distinction, and refers to Sid. 132, and 1 Lev. 98.
Stark, Solicitor, for the motion. Blanding and De Saussure, contra.
The defendant issued his writ, but failed to prosecute it. Why, if he did not owe the rent, was the cause abandoned ? Upon the whole, the defence appears to be a mere shift on his part, to avoid the payment of a just debt. The motions are therefore refused.
Nott, Cheves, Gantt, and Johnson, JJ., concurred.

 See 2 N. & MoC. 426.

 This statute is omitted in the statutes at large. See P. L. Append. 8; 1 Brev. R. 412; 5 Rich. 350 ; Act of 1839, 11 Stat. 29, § 14.
Harp. 214.